UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IDA ANSELMO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26 CV 1382 CDP |
| | ) | |
| B&B AG LINES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This newly removed case is before me for review of subject-matter jurisdiction.

Plaintiff Ida Anselmo brings this personal injury action in diversity alleging that defendant Roy Evans, while operating a tractor-trailer for his employer, defendant B&B AG Lines, LLC, and/or defendant Tri-State Forest Logistics, LLC, merged into a lane of traffic in which Anselmo was traveling, striking Anselmo's vehicle and causing her injury. With consent of Evans and Tri-State, defendant B&B removed the action to this Court on August 28, 2026, invoking diversity jurisdiction under 28 U.S.C. § 1332.

I have reviewed Anselmo's state-court petition and B&B's notice of removal and find that neither adequately states the citizenship of either defendant B&B or Tri-State in this case. As B&B is the removing party and bears the burden of

establishing federal subject-matter jurisdiction, *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014), I will order it to file an amended notice of removal to properly allege this Court's subject-matter jurisdiction.

Both defendants B&B and Tri-State are limited liability companies. For purposes of diversity, an LLC's citizenship is the citizenship of all its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). In its notice of removal, however, B&B identifies itself only as "organized under the laws of the State of South Dakota, with its principal place of business located in the State of South Dakota," and it identifies Tri-State only as "organized under the laws of the State of Ohio, with its principal place of business located in the State of Ohio." Anselmo's petition only identifies the principal place of business for each LLC defendant. Neither the notice of removal nor the state-court petition identify the LLC defendants' members or the members' citizenship.

Because there is no sufficient statement of citizenship with respect to the LLC defendants in this case, I am unable to determine if this Court has subject-matter jurisdiction. Accordingly, I will give defendant B&B seven (7) days to amend its notice of removal to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being remanded to state court for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that **within seven (7) days of the date of this Order**, defendant B&B AG Lines, LLC, shall file an amended notice of removal properly alleging this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that defendant B&B AG Lines, LLC, shall cause this Order to be served upon counsel for defendants Roy Evans and Tri-State Forest Logistics, LLC, as their attorney(s) have not yet filed a separate entry of appearance in this case.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2026.